IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| ROSENDIN HOLDINGS, INC. AND MODULAR POWER SOLUTIONS, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>ATI TRUCKING LLC, GREENTREE TRANSPORTATION COMPANY, AND CHESTER SULLIVAN, JR. D/B/A SULLIVAN TRUCKING,<br><br>    Defendant. | )<br>)<br>) CASE NO. 2:21-cv-00192-Z<br>)<br>)<br>)<br>)<br>) JUDGE MATTHEW J. KACSMARYK<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ATI TRUCKING, LLC'S MOTION TO DISMISS IN PART**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant ATI Trucking, LLC ("ATI"), respectfully requests that the Court dismiss the Negligence Count of the Complaint of Plaintiff Rosendin Holdings, Inc. and Plaintiff Modular Power Solutions, LLC (collectively, "Plaintiffs") for failure to state a claim upon which relief can be granted on the ground that Plaintiffs' claim is preempted by either the Carmack Amendment, the Federal Aviation Administration Authorization Act ("FAAAA"), or both. A memorandum in support is attached hereto.

15121751 v1

| | |
|---|---|
| **OF COUNSEL:** | Respectfully submitted, |
| | /s/ Annie J. Jacobs |
| Marc S. Blubaugh (*pro hac vice pending*) | Annie J. Jacobs (State Bar No. 24050812) |
| (Ohio Bar No. 0068221) | CLARK HILL STRASBURGER |
| BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP | 901 Main Street, Suite 6000 |
| | Dallas, Texas 75202 |
| 41 South High Street, Suite 2600 | Telephone:  (214) 651-4300 |
| Columbus, Ohio 43215 | Facsimile:   (214) 651-4300 |
| Telephone:  (614) 223-9300 | AJacobs@ClarkHill.com |
| Facsimile:  (614) 223-9330 | |
| mblubaugh@beneschlaw.com | *Trial Attorney for* |
| | *ATI Trucking, LLC.* |

**MEMORANDUM OF LAW IN SUPPORT OF ATI'S MOTION TO DISMISS**

**I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY**

This action arises out of the interstate transportation of Plaintiffs' goods.  *See* Petition at ¶ 9.  Specifically, Plaintiffs allege that, in August 2019, Plaintiffs hired ATI and Greentree Transportation Company ("Greentree") to transport electrical equipment from Sherman, Texas to Prineville, Oregon.  *Id*.  Plaintiffs allege that, during the transportation, ATI and Greentree damaged the electrical equipment.  *Id*. at ¶¶ 12-13.  On August 13, 2021, Plaintiffs filed their Original Petition in the 100th Judicial District Court of Donley County, Texas, asserting claims for negligence and for liability under the Carmack Amendment against ATI and Greentree.  *See generally* Petition at ¶¶ 14-19.  Plaintiffs' negligence claim is premised on ATI's and Greentree's alleged negligent hiring, training, supervision, and retention of non-party Chester Sullivan, Jr. d/b/a Sullivan Trucking ("Sullivan"), who allegedly transported Plaintiffs' shipment on behalf of ATI or Greentree.  *Id.*  ATI and Greentree were served with a citation and a copy of the Original Petition on August 18, 2021.  On September 16, 2021, with ATI's consent, Greentree removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446.

2

15121751 v1

## II.      LAW AND ARGUMENT

The Court should dismiss Plaintiffs' negligence count for failure to state a claim upon which relief can be granted because the Carmack Amendment, 49 U.S.C. § 14706, preempts state law tort claims to the extent Plaintiffs allege ATI is a motor carrier. Further, to the extent Plaintiffs allege ATI is a "freight broker," the Federal Aviation Administration Authorization Act (the "FAAAA"), 49 U.S.C. § 14501(c)(1), preempts Plaintiffs' extracontractual claim for negligence. Plaintiffs have failed to allege ATI breached any contractual obligations to Plaintiffs; therefore, the Court should dismiss the negligence claim against ATI.

### A.      Standard of Review.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "failure to state a claim upon which relief may be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). On a motion to dismiss, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Rather, conclusory statements and inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *See Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021). As set forth below, Plaintiffs' negligence claim does not and cannot meet this standard because it is preempted by federal law.

15121751 v1

**B.    The Carmack Amendment Expressly Preempts Plaintiffs' Tort Claim Against ATI.**

To the extent Plaintiffs allege that ATI is a motor carrier, the Court must dismiss the negligence count because the Carmack Amendment preempts Plaintiff's state law claims. The Carmack Amendment provides that a motor carrier transporting property in interstate commerce is liable only for the "actual loss or injury to the property." *See* 49 U.S.C. § 14706(a)(1). For over 100 years, courts have uniformly held that the Carmack Amendment, as part of a comprehensive and uniform legislative scheme, preempts all state statutory and common law claims against a motor carrier for loss and damage to goods moving in interstate commerce. *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S. Ct. 148, 57 L. Ed. 314 (1913); *see e.g.*, *New York, N.H. & H. R. Co. v. Nothnagle*, 346 U.S. 128, 132, 73 S. Ct. 986, 57 L. Ed. 1500(1953) (stating "with the enactment in 1906 of the Carmack Amendment, Congress superseded diverse state laws with a national uniform policy governing interstate carriers' liability for property loss."); *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535, 103 S. Ct. 1343, 75 L. Ed. 2d 260 (1983).

Additionally, every United States Court of Appeals that has considered the issue, including the Fifth Circuit, has concluded that "[t]he Carmack Amendment completely preempts state law claims against interstate carriers based on loss or damage to shipped goods. *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003). (emphasis added) ("Because the Carmack Amendment provides the exclusive cause of action for [cargo loss claims], such claims 'only arise under federal law.'"); *Rini v. United Van Lines, Inc.*, 104 F.3d 502, 505 (1st Cir. 1997); *Cleveland v. Beltman N. Am. Co., Inc.*, 30 F.3d 373, 378 (2nd Cir. 1994); and, *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 307 (5th Cir. 1993).

Furthermore, the United States Circuit Courts of Appeals that have considered the

preemptive scope of the Carmack Amendment have unanimously held that the Carmack Amendment's broad preemptive effect extends *to all state law claims* arising from the transportation and delivery of goods, whether such claims contradict or supplement Carmack remedies.  *W.D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 421 (6th Cir. 1972) (emphasis added) ("As to the … issue …[of] whether or not the Carmack Amendment preempted common law suits … we hold that it did"); *Smith v. United Parcel Serv.*, 296 F.3d 1244, 1247 (11th Cir. 2002) ("Because the [plaintiffs] base all of their [state law tort] claims on allegations concerning UPS's failure to provide them with transportation and delivery services, the Carmack Amendment preempts their claims"); *Rini* at 506 (holding that "[shipper's] state law claims [of negligence and misrepresentation] are preempted by the Carmack Amendment"); *Cleveland* at 379 (stating that one of the primary purposes of the Carmack Amendment is to provide uniformity in the disposition of claims brought under a bill of lading); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 706-07 (4th Cir. 1993) ("[T]he Carmack Amendment was intended by Congress to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost or damaged in shipment"); *Moffit* at 306-07 (holding that the Carmack Amendment preempted state law claims including intentional and negligent infliction of emotional distress, breach of contract, misrepresentation, fraud, **negligence** and gross negligence) (emphasis added); *Hughes Aircraft v. N. Am. Van Lines*, 970 F.2d 609, 613 (9th Cir. 1992) ("Hughes wisely concedes that federal law preempts any state common law action against North American acting solely as a common carrier. It is clear that the Carmack Amendment established a uniform national policy for interstate carriers"); *Underwriters at Lloyds of London v. N. Am. Van Lines*, 890 F.2d 1112, 1121 (10th Cir. 1989) ("[W]e . . . hold that the Carmack Amendment preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading");

Hughes, 829 F.2d at 1415 ("We . . . hold that the remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act . . . ."); *Air Products & Chemicals, Inc. v. Illinois Cent. Gulf R. Co.*, 721 F.2d 483, 484-85 (5th Cir. 1983) ("[T]he Carmack Amendment, as judicially interpreted, provides an exclusive remedy for a breach of a contract of carriage provided by a bill of lading . . .").

Congress plainly intended to create a national scheme regarding motor carrier liability for loss and damage to freight moving in interstate commerce.  The *Adams* Court held that "[a]lmost every detail of the subject [interstate motor carrier liability under a bill of lading] is covered so completely that there can be no rational doubt that Congress intended to take possession of the subject and supersede all state regulation with reference to it." *Adams* at 505-506.

As a result of this broad and all-encompassing preemption, Plaintiffs' negligence claim against ATI fails to state a claim upon which relief may be granted and, therefore, should be dismissed.  Indeed, the Fifth Circuit has held that "Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*."  Hoskins, 343 F.3d at 778 (emphasis in original).  Because the Carmack Amendment provides the exclusive cause of action for loss or damage to good during interstate transport by a motor carrier, Plaintiffs' negligence claim against ATI must be dismissed.

      C.      **The FAAAA Expressly Preempts Plaintiffs' Tort Claim Against ATI.**

Plaintiffs' negligence claim against ATI is premised on, among other things, negligent hiring, training, supervision, and retention of non-party Sullivan.  To the extent that Plaintiffs allege ATI is a transportation broker, the FAAAA preempts *all* state law claims—other than breach

of express contract—against motor carriers, transportation brokers, and freight forwarders. The FAAAA provides, in pertinent part:

> Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier…broker, or freight forwarder with respect to the transportation of property.

49 U.S.C § 14501(c)(1).

Congress deregulated the trucking industry in 1980. *S.C. Johnson & Son, Inc. v. Transp. Corp. of Am., Inc.*, 697 F.3d 544, 548 (7th Cir. 2012) (citing the Motor Carrier Act of 1980, Pub.L. No. 96-296, 94 Stat. 793). This did not, however, stop states from enacting and enforcing laws affecting prices, routes, and services provided by motor carriers. So, on August 23, 1994, the U.S. Congress enacted the FAAAA. The FAAAA amended the Interstate Commerce Act, effective January 1, 1995. Pub. L. No. 103-305, 108 Stat. 1569, 1607 (1994). Among other things, the FAAAA expressly preempted a wide variety of state and local regulations and state law claims affecting motor carriers. *See* Section 601 of the FAAAA (originally codified at 49 U.S.C. § 11501(h)). Further, on December 29, 1995, the U.S. Congress enacted the Interstate Commerce Commission Termination Act (the "ICCTA"), effective January 1, 1996. Pub. L. No. 104-88, 109 Stat. 803, 804. Section 103 of the ICCTA recodified former 49 U.S.C. § 11501(h) as 49 U.S.C. § 14501(c). In addition, the ICCTA also expanded federal preemption under the FAAAA to include preemption of claims not only against motor carriers but also against transportation brokers in particular. H.R. Rep. No. 311, 104th Cong., 1st Sess. 119-20 (1995), reprinted in 1995 U.S.C.C.A.N. 793, 831-32.

The preemptive language in the FAAAA is nearly identical to the preemptive provision found in the Airline Deregulation Act ("ADA"), which the United States Supreme Court has held to preempt all state law causes of action *except* breach of contract claims. *American Airlines, Inc.*

7

*v. Wolens*, 513 U.S. 219, 232-33 (1995); *Morales v. TransWorld Airlines*, 504 U.S. 374, 384 (1992); *accord, e.g., Lyn-Lea Travel Corp. v. Am. Airlines, Inc.,* 283 F.3d 282, 287 (5th Cir. 2002); *Read-Rite Corp. v. Burlington Air Express, Ltd.*, 186 F.3d 1190, 1197 (9th Cir. 1999). In incorporating the ADA's preemption language into the FAAAA, Congress intended the FAAAA to preempt state laws relating to trucking. *Rowe v. New Hampshire Motor Transport Assoc.*, 552 U.S. 364, 370-71 (2008) ("Congress similarly sought to pre-empt state trucking regulation. [] In doing so, it borrowed language from the [ADA] and wrote [it] into [the FAAAA].") (citations omitted).

Accordingly, courts throughout Texas and across the country have squarely held that any state law claims against a transportation broker that relate to the broker's services with respect to the transportation of property are preempted by the FAAAA, except for a cause of action for breach of contract. *Wise Recycling, LLC v. M2 Logistics*, 943 F. Supp. 2d 700, 704-05 (N.D. Tex. 2013) ("49 U.S.C. § 14501 preempts all state law claims except for ordinary breach of contract claims."); *see also Chatelaine, Inc. v. Twin Modal, Inc.* 737 F. Supp. 2d 638, 643 (N.D. Tex. 2010) ("49 U.S.C. § 14501 broadly preempts state law claims regulating interstate transportation of goods, and Chatelaine's state law claims other than breach of contract against Twin Modal are preempted[.]"); *Huntington Operating Corp. v. Sybonney Express, Inc.*, No. H-08-781, 2010 U.S. Dist. LEXIS 55591, *7 (S.D. Tex. May 11, 2010) ("In short, 49 U.S.C. § 14501 broadly preempts state law claims that would regulate interstate transportation of goods."); *JRP International, Inc. v. Landa Group, Inc.*, No. 7:17-CV-263, 2018 WL 4334017, *4 (S.D. Tex. March 1, 2018) (Shipper's negligence claim, seeking recovery for purely economic damages, fell under the "FAAAA's preemption clause which generally preempts state enforcement actions that have

8

connection with, or reference to, a carrier or broker's services.").[1] In short, the FAAAA categorically preempts *all* extra-contractual causes of action for cargo loss or damage against a freight broker. Therefore, to the extent Plaintiffs allege ATI is a freight broker, Plaintiffs' negligence claim against ATI must be dismissed.

### III.  CONCLUSION

Plaintiffs' negligence claim against ATI fails to state a claim upon which relief can be granted. To the extent Plaintiffs allege ATI is a motor carrier, their common law negligence claim is preempted by the Carmack Amendment and must be denied. To the extent Plaintiffs allege ATI is a transportation broker, their common law negligence claim, which by its nature is extra-contractual, is preempted by the FAAAA and must be dismissed. Therefore, ATI respectfully requests this Court grant its motion to dismiss and issue an order dismissing Plaintiffs' negligence claim against ATI, with prejudice.

October 21, 2021

Respectfully submitted,

/s/ Annie J. Jacobs
Annie J. Jacobs (State Bar No. 24050812)
CLARK HILL STRASBURGER
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone:  (214) 651-4300
Facsimile:  (214) 651-4300
AJacobs@ClarkHill.com

*Trial Attorney for
ATI Trucking, LLC*

---

[1] *Accord, e.g.*, *Kashala v. Mobility Servs. Int'l, LLC*, No. 07-40107, 2009 WL 2144289, *5-6 (D. Mass. May 12, 2009) (granting summary judgment in favor of transportation broker on negligence claim due to FAAAA preemption); *see generally Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc.*, 972 F.Supp. 665, 669 (N.D. Ga. 1997) (providing detailed description of history of the ADA/FAAAA preemption); *Kashala v. Mobility Servs. Int'l, LLC*, No. 07-40107, 2009 WL 2144289 (D. Mass. May 12, 2009) (transportation broker entitled to judgment as a matter of law on negligence claim due to FAAAA preemption).

Of Counsel:

Marc S. Blubaugh (*pro hac vice pending*)
(Ohio Bar No. 0068221)
BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP
41 South High Street, Suite 2600
Columbus, Ohio 43215
Telephone:  (614) 223-9300
Facsimile:  (614) 223-9330
mblubaugh@beneschlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing document has been served on all appearing counsel of record via the Court's CM/ECF filing system on the following:

Patrick W. Whitaker, Esq.
Muck Wilson Mandala, LLP
12770 Coit Road, Suite 600
Dallas, TX 75251
pwhitaker@munckwilson.com

*Attorney for Plaintiffs*

I further certify that a true and correct copy of the forgoing document has been served via Regular U.S. Mail on this 21st day of October 2021, to:

Chester Sullivan, Jr. d/b/a Sullivan Trucking
133 Whitson Dr.
Elizabethton, TN 37643

/s/ *Annie J. Jacobs*
Annie J. Jacobs

15121751 v1