IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO

| | | |
|---|---|---|
| ROSENDIN HOLDINGS, INC. AND MODULAR POWER SOLUTIONS, LLC <br><br> Plaintiffs, <br><br> vs. <br><br> ATI TRUCKING LLC, GREENTREE TRANSPORTATION COMPANY, AND CHESTER SULLIVAN, JR. D/B/A SULLIVAN TRUCKING <br><br> Defendants, | § § § § § § § § § § § § § § | 2:21-CV-192-Z-BR |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Rosendin Holdings, Inc. and Modular Power Solutions, LLC (collectively, "Plaintiffs") files this their First Amended Complaint, and complain of ATI Trucking LLC ("ATI"), Greentree Transportation Company ("Greentree"), and Chester Sullivan, Jr. d/b/a Sullivan Trucking ("Sullivan") (collectively, "Defendants"), and allege and declare as follows:

**I.     NATURE OF ACTION**

1. This action arises from a cargo transport accident that occurred on August 15, 2019, in Hedley, Texas (the "Incident") wherein some of Plaintiffs' cargo was permanently damaged when it fell from Defendants' trailer during transport from Sherman, Texas to Pineville, Oregon.

## II. JURISDICTION AND VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(c) as all or a substantial part of the transactions and occurrences at issue occurred in Donley County, Texas. This Court has jurisdiction over the over the claims asserted pursuant to 28 U.S.C. § 1331.

## III. PARTIES

3. Plaintiff Rosendin Holdings, Inc. ("Rosendin") is a California company with its principal place of business in San Jose, California.

4. Plaintiff Modular Power Solutions, LLC ("MPS") is a California company with its principal place of business in San Jose, California.

5. Defendant ATI Trucking LLC is a Pennsylvania company. Defendant ATI Trucking LLC engaged in business in Texas but does not maintain a regular place of business in Texas. Defendant ATI Trucking LLC has been served and has made an appearance.

6. Defendant Greentree Transportation Company is a Delaware company. Defendant Greentree Transportation Company engaged in business in Texas but does not maintain a regular place of business in Texas. Defendant Greentree Transportation Company has been served and has made an appearance.

7. Defendant Chester Sullivan, Jr. d/b/a Sullivan Trucking is an individual residing in the State of Oklahoma. Defendant Sullivan can be served at the following address: <u>187365 Lakeview Drive, Comanche, Oklahoma 73529</u>**,** <u>or wherever found. Issuance of citation is requested.</u>

## IV. FACTUAL BACKGROUND

8. This action arises from a cargo transportation accident that occurred on August 15, 2019, in Hedley, Texas (the "Incident").

9. Plaintiffs hired ATI Trucking LLC, Greentree Transportation Company, and Chester Sullivan, Jr. d/b/a Sullivan Trucking (collectively "the Defendants") to transport electrical equipment from Sherman, Texas to Pineville, Oregon.

10. The Defendants secured Plaintiffs' equipment to the Defendants' truck's open trailer using steel chains.

11. Upon information and belief, one of the steel chains became loose during transit which allowed Plaintiffs' cargo to move laterally on the trailer.

12. Upon information and belief, the truck and trailer were traveling through an "S-Curve" on the highway at an elevated speed, which exerted lateral forces on the loosened cargo, causing the cargo to break free from the securement means and fall from the trailer resulting in significant damage.

13. As a result of the Defendants' negligence, Plaintiffs have suffered damages in amount of at least $876,849.  All of Plaintiffs' damages were the direct and proximate cause of the Defendants' negligence.

## V.   CAUSES OF ACTION

### Count 1 – Carmack Amendment to the Interstate Commerce Act
### 49 U.S.C.A. § 14706 et seq. as to Defendants ATI Trucking LLC and Greentree Transportation Company

14. Plaintiffs restate and reallege the previous paragraphs as if fully set forth verbatim and would further show unto the Court the following:

    a. Pursuant to 49 U.S.C.A. §13102, Defendants at all relevant times acted as a motor carrier and transported Plaintiffs' property under a bill of lading.

    b. Plaintiffs' cargo was delivered to Defendants in good condition.  The cargo was damaged during transportation.

    c. The Incident resulted in actual damages to the cargo of $876,849.

    d.      The Defendants are not free of negligence, and the damage did not result from an act of God, the public enemy, the shipper, a public authority, or from the nature of the goods or an inherent vice in the goods.

    e.      Plaintiffs exercised reasonable diligence in mitigating damages.

    f.      Plaintiffs' property was damaged during such shipment, rendering Defendants strictly liable to Plaintiffs for, at a minimum, the actual damages to Plaintiffs.

    g.      Defendants are liable for the actual loss to the property.

### Count 2 – Negligence As to Defendant Chester Sullivan, Jr.

15. Sullivan had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16. Plaintiffs' damages were proximately caused by Sullivan's negligent, careless, and reckless disregard of said duty.

17. Sullivan violated the duty he owed the Plaintiffs by negligently operating his vehicle in one or more of the following respects:

    a.      Failing to properly secure Plaintiffs' cargo prior to transport;

    b.      Failing to properly inspect Plaintiffs' cargo;

    c.      Failing to properly inspect the chains and/or other equipment used to secure Plaintiffs' cargo on Defendants' trailer; and

    d.      Operating a vehicle in an unsafe manner on public roadway.

18. Each of Sullivan's above-referenced acts and/or omissions, singularly or in combination with others, constituted negligence which proximately caused Plaintiffs' damages, which are in excess of the minimum jurisdictional limits of this Court.

### VI.    REQUEST FOR RELIEF

Plaintiffs pray that Defendants be served with this Amended Complaint in the manner prescribed by law, be cited to appear and to answer herein, and that upon final hearing, the Court enter judgment in favor of Plaintiffs Rosendin Holdings, Inc. and Modular Power Solutions, LLC

4

and against ATI Trucking LLC, Greentree Transportation Company, and Chester Sullivan, Jr. d/b/a Sullivan Trucking for damages in the amount of at least $876,849 for damages including, but not limited to, damages for repair to Rosendin's real or personal property, compensatory and/or economic damages and for reasonable attorneys' fees, costs of court, and pre- and post-judgment interest at the highest rate allowed by law, and for such other and further relief, general or special, at law or in equity, to which Plaintiffs are entitled.

Respectfully submitted,

**MUNCK WILSON MANDALA, LLP**

*/s/ Patrick W. Whitaker*
**PATRICK W. WHITAKER**
Texas Bar No. 24061366
12770 Coit Road, Ste. Suite 600
Dallas, Texas 75251
Phone: 972-628-3600
Fax:     972-628-3616
Email: pwhitaker@munckwilson.com

*Attorney for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November 2021, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Patrick W. Whitaker*
Patrick W. Whitaker